**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff–Appellee,

v.

ISAAC JACOB SOZA,

      Defendant–Appellant.

No. 10-2196

**Appeal from the United States District Court**
**for the District of New Mexico**
**(D.C. No. 1:08-CR-00995-JAP-1)**

Benjamin A. Gonzales, Assistant Federal Public Defender, Office of the Federal Public Defender, District of New Mexico, Albuquerque, New Mexico, for the Defendant-Appellant.

Kenneth John Gonzales, United States Attorney (Andrea W. Hattan, Assistant United States Attorney, with him on the briefs), Office of the United States Attorney, District of New Mexico, Albuquerque, New Mexico, for the Plaintiff-Appellee.

Before **LUCERO**, **BALDOCK**, and **HARTZ**,[*] Circuit Judges.

---

[*] The Honorable Deanell Reece Tacha sat on this panel originally and participated in oral argument. On May 31, 2011, however, she retired and resigned her commission. Judge Hartz has been substituted.

**LUCERO**, Circuit Judge.

Isaac Soza appeals the district court's denial of his motion to suppress. We possess jurisdiction under 28 U.S.C. § 1291. Because the unlawful search of Soza's vehicle was conducted in good-faith reliance on later-overturned circuit precedent, we affirm.

**I**

Just before 4:00 a.m. on November 7, 2007, Bernalillo County Sheriff's Patrol Officer Luis Funes stopped a vehicle for speeding. He asked the driver of the vehicle, Soza, for his driver's license. Soza handed Funes an identification card. Funes returned to his patrol car to run a check on Soza and the vehicle. A criminal database revealed that Soza had a revoked driver's license and an outstanding felony warrant with an "arrest clause." Funes decided to arrest Soza and called for backup.

When a second officer arrived, Funes arrested Soza, handcuffed him, and placed him in the back of his patrol car. After securing Soza, Funes conducted a search of Soza's vehicle incident to arrest. On the driver's side floorboard, he discovered a handgun and a plastic bag containing a "crystal-like" substance consistent with methamphetamine.

Soza was charged with being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). He moved to suppress the evidence seized from his

vehicle, relying on <u>Arizona v. Gant</u>, 129 S. Ct. 1710 (2009), which held that law enforcement may not search a vehicle "incident to a recent occupant's arrest after the arrestee has been secured and cannot access the interior of the vehicle." <u>Id.</u> at 1714.

The government responded that the good-faith exception to the exclusionary rule applied because <u>Gant</u> had not been decided at the time of the search. Relying on <u>United States v. McCane</u>, 573 F.3d 1037, 1045 (10th Cir. 2009), the district court concluded that the good-faith exception was applicable and denied the motion to suppress. Soza then entered into a conditional plea agreement, reserving his right to appeal the suppression determination. Soza now appeals that issue.

## II

Following the denial of a motion to suppress, we review factual findings for clear error and legal conclusions de novo. <u>United States v. White</u>, 584 F.3d 935, 944 (10th Cir. 2009).

Prior to <u>Gant</u>, our circuit interpreted <u>New York v. Belton</u>, 453 U.S. 454 (1981), as permitting the warrantless search of a vehicle incident to the driver's arrest "even though [the] defendant was handcuffed and outside the vehicle at the time [the] search was made." <u>United States v. Brothers</u>, 438 F.3d 1068, 1073 (10th Cir. 2006), <u>abrogated as recognized by</u> <u>McCane</u>, 573 F.3d at 1041-42. The Supreme Court overturned that rule in <u>Gant</u>, holding that "police may search incident to arrest only the space within an arrestee's immediate control, meaning the area from within which he might gain possession of a weapon or destructible evidence." 129 S. Ct. at 1714 (quotation omitted).

-3-

At the time of the search at issue in this case, however, <u>Gant</u> had not yet been decided.

In <u>McCane</u>, we considered whether the good-faith exception applies to searches "justified under the settled case law of a United States Court of Appeals, but later rendered unconstitutional by a Supreme Court decision." 573 F.3d at 1044. Because the Supreme Court "has declined to apply the exclusionary rule when no deterrent effect would result from its application," we held that evidence should not be suppressed "when law enforcement officers act in objectively reasonable reliance upon the settled case law of a United States Court of Appeals." <u>Id.</u> at 1045.

Soza concedes that <u>McCane</u> is controlling of his appeal, but requested that we refrain from deciding this case pending the Supreme Court's decision in <u>Davis v. United States</u>, No. 09-11328, 564 U.S. ___ (June 16, 2011). The Court recently decided <u>Davis</u>, holding consistent with <u>McCane</u> that "searches conducted in objectively reasonable reliance on binding appellate precedent are not subject to the exclusionary rule." <u>Davis</u>, No. 09-11328, slip. op. at 1. Because Funes' search of Soza's vehicle was permissible under binding circuit precedent at the time it occurred, <u>see</u> <u>Brothers</u>, 438 F.3d at 1073, the district court correctly denied Soza's motion to suppress.

**AFFIRMED**.